FILED'08 SEP 18 14:21 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY LEE PAPENFUS,                           Civil No. 03-1556-JE

       Petitioner,                       FINDINGS AND RECOMMENDATION

  v.

JEAN HILL,

       Respondent.

LISA HAY
Assistant Federal Public Defender
101 SW Main St., Suite 1700
Portland, OR  97204

       Attorney for Petitioner

HARDY MYERS
Attorney General
JACQUELINE SADKER
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

       Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges his 1995 convictions for Sexual Abuse. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

Petitioner was indicted on five counts of sexual abuse following accusations by four friends of his twelve-year-old step-daughter. (Petr.'s Memorandum, #54, 1.) After a trial at which the victims testified and Petitioner testified adamantly denying the charges, the jury acquitted Petitioner of two counts, convicted Petitioner on two counts, and was unable to reach a verdict on one count. (*Id.* at 2-4.)

Petitioner directly appealed his convictions, but did not submit assignments of error to supplement counsel's *Balfour* brief.[1] The Oregon Court of Appeals affirmed Petitioner's convictions

---

[1] Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct. Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous. *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

2 - FINDINGS AND RECOMMENDATION -

without opinion, issuing the appellate judgment on January 29, 1998. (Respt.'s Ex. 105.)

Sometime between January 15, 1998 and March 15, 1998, Petitioner became aware of records from Services to Children and Families revealing that one victim/witness had previously alleged and reported similar abuse by another individual when attorneys representing him in another case successfully petitioned the court to obtain them. (Petr.'s Mem, #54, 11 and 18.) Petitioner did not, however, file for post-conviction relief ("PCR") in the Oregon courts. Petitioner believed the attorneys representing him in a different matter would file for post-conviction relief, but the files were forwarded to another attorney. (*Id.*) This attorney was not able to attend to Petitioner's PCR petition and returned the files to Petitioner's mother before the state statute of limitations ran, but ten months after the Antiterrorism and Effective Death Penalty Act's (AEDPA) 1-year statute of limitations. (*Id.* at 5-6.) Petitioner attributes his failure to file for state post-conviction relief to inaction by his various attorneys and missing the deadline. (*Id.*)

Petitioner filed the instant habeas action on October 23, 2003. The Petition is construed as raising the following general grounds for relief: (a) prosecutorial misconduct (Grounds one, ten, eleven, twelve, thirteen, fourteen); (b) misconduct by correctional facility employees in interfering with Petitioner's efforts to

3 - FINDINGS AND RECOMMENDATION -

pursue legal challenges (Ground four); and (c) ineffective assistance of trial counsel (Grounds two, five, six, seven, eight, fifteen).

## DISCUSSION

Petitioner concedes his Petition is untimely under the AEDPA's 1-year statute of limitations, and concedes his claims were not raised in state court and are, thus, procedurally defaulted. (*Id.* at 2.) However, he argues the miscarriage of justice or actual innocence "gateway" for obtaining review of otherwise barred claims applies to his case and is a basis for equitable tolling of the AEDPA limitation period and for excusing his default. (*Id.* at 8-14.) In the alternative, Petitioner argues PCR counsel's failure to file the PCR petition in state court justifies equitable tolling. (*Id.* at 12.) For the reasons that follow, I find that equitable tolling of the limitation period is not warranted.

Although the Supreme Court has not yet done so, the Ninth Circuit has recognized that the AEDPA's one-year limitation period is subject to equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Calderson v. Unites States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.) (en banc). That said, the threshold for justifying equitable tolling is very high, making it unavailable in most cases. *Miranda*, 292 F.3d at 1066; *Miles v. Prunty*, 187 F.3d

4 - FINDINGS AND RECOMMENDATION -

1104, 1107 (9th Cir. 1999). Equitable tolling requires a petitioner show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418, and n. 8 (2005).

Neither the Supreme Court nor the Ninth Circuit has decided the legal question of whether the AEDPA statute of limitations is overridden by the "miscarriage of justice" exception to procedural default. *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002). Assuming, however, that extending the miscarriage of justice or actual innocence exception to the AEDPA statute of limitations follows logically from the rule excusing procedural default on a showing of actual innocence,[2] Petitioner has not met the burden of proof required for the actual innocence exception under controlling Supreme Court precedent.

The miscarriage of justice or actual innocence exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). To be credible, a claim of actual innocence must be

---

[2]*See O'Neil v. Lampert*, 199 F.Supp.2d 1064, 1066-67 (D.Or. 2002); *Singleton v. Belleque*, No Civ. 04-1790-TC, 2007 WL 162514 at 5 (D. Or. Jan 17, 2007); *Zapata v. Belleque*, Civ. No. 05-1075-MO, 2007 WL 756715 at 1 (D. Or. Mar. 3, 2007); *Hussey v. Blacketter*, Civ. No. 06-387-CL, WL 2169528 at 3 (D. Or. May 23, 2008).

5 - FINDINGS AND RECOMMENDATION -

supported with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324.

The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *See id.* at 321. It is not enough that the evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him." *Id.* at 329; *Johnson v. Knowles*, __ F.3d __, 2008 WL 4014731 at 4 (9th Cir. 2008) ("miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt"); *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001) ("the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [petitioner] guilty").

To support his actual innocence argument Petitioner presents records from Services to Children and Families revealing that one of the victim/witnesses had previously alleged and reported similar abuse by another individual. (Petr.'s Mem., #54, 9.) Petitioner argues the records were improperly withheld from the defense and presenting them to the jury would have undermined the credibility

6 - FINDINGS AND RECOMMENDATION -

of two of the victims/witnesses and the jury would not have convicted him of abusing them since the jury rejected the testimony of two other girls. (*Id.* at 9-10.) Petitioner contends the credibility of the victims/witnesses was critical to his convictions and because counsel was not aware of these records "he was left only to hypothesize about why the girls might have made the allegations." (*Id.* at 10.)

Petitioner's argument is speculative as to the impact the records from Services to Children and Families would have had on the credibility of the witnesses and on the jury. He has not shown that based on these records it is more likely than not that no reasonable juror would have convicted him. Moreover, the records do not create a colorable claim of Petitioner's actual innocence of the crimes for which he was convicted. Accordingly, Petitioner does not pass the high threshold of the miscarriage of justice or actual innocence gateway established in *Schlup* and equitable tolling is not warranted.

In the alternative, Petitioner urges the court to apply equitable tolling based on his attorneys failure to file a PCR petition. Petitioner contends the failure of his various attorneys constitutes extraordinary circumstances that prevented his filing his federal petition in a timely manner.

As noted previously, it is the burden of a petitioner seeking equitable tolling to establish he has been pursing his rights

7 - FINDINGS AND RECOMMENDATION -

diligently, and that some extraordinary circumstances stood in his way and prevented the filing of a timely petition. *Pace*, 544 U.S. at 418. Petitioner has not met this burden.

First, Petitioner has not shown he was pursuing his rights diligently. His judgment became final on January 29, 1998. He learned of the records from Services to Children and Families between January 15 and March 15, 1998, but he did not file his federal habeas petition until October 23, 2003, over four years later. He offers no evidence that during those four years he was diligently pursuing his federal habeas petition. Although Petitioner submits an affidavit from his mother attesting to the family's "belief" that attorneys representing Petitioner in a separate matter would file a PCR petition in state court, which would have tolled the federal statute of limitations, and to her attempt to contact the state court to preserve his state PCR rights after the PCR attorney returned Petitioner's files in November, 1999, the affidavit does not provide evidence that Petitioner was diligent in pursuing either his State court remedies or federal habeas petition. (Petr.'s Mem., #54, Exhibit 15.)

Second, Petitioner has not shown that extraordinary circumstances prevented his filing a timely federal petition. Equitable tolling may be justified when wrongful conduct prevents a prisoner from filing or when an attorney's egregious conduct prevents timely filing. *Shannon v. Newland*, 410 F.3d 1083, 1089-90

8 - FINDINGS AND RECOMMENDATION -

(9th Cir. 2005); *Spitsyn v. Moore*, 345 F.3d 796, 801-02 (9th Cir. 2003). However, in the post-conviction context, where prisoners have no constitutional right to counsel, attorney errors and negligence typically do not constitute extraordinary circumstances. *Lawrence*, 127 S.Ct. at 1085 (2007); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculations and negligence in general do not constitute extraordinary circumstances).

The affidavit from Petitioner's mother does not allege Petitioner requested his files from the attorneys he thought were attending to his PCR petition, that these attorneys were unresponsive to his requests, or that they engaged in wrongful conduct with respect to his files. Cf. *Spitsyn*, 345 F.3d 796 (retained attorney unresponsive to repeated requests for files by petitioner and his family), *United States v. Battles*, 362 F.3d 1195 (9th Cir. 2004) (attorney improperly withholding trial transcripts and refusing to cooperate), and *United States v. Martin*, 408 F.3d 1089, 1095 (8th Cir. 2005) (documents not returned despite repeated requests and demands from petitioner and his family). Nor does the affidavit allege he was trying to file a federal petition. The affidavit states only the family's belief that attorneys would file a PCR petition and that Petitioner's mother attempted to contact the state court to preserve his right to PCR when she learned the PCR attorney could not attend to his case. This was ten months

9 - FINDINGS AND RECOMMENDATION -

after the AEDPA limitation period had run. Petitioner's apparent lack of knowledge about federal habeas proceedings and the applicable AEDPA limitation period does not constitute extraordinary circumstance so as to warrant equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Because Petitioner has not shown he was diligently pursuing his federal habeas petition and that extraordinary circumstances beyond his control interfered with or prevented his filing a timely petition, or made a colorable claim of his actual innocence, equitable tolling of the one-year AEDPA statute of limitations is not warranted.

## **CONCLUSION**

For the reasons stated above, the Petition for Writ of Habeas Corpus (#2) should be DENIED and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge

10 - FINDINGS AND RECOMMENDATION -

will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 18 day of September, 2008.

                                              /s/ John Jelderks
                                              John Jelderks
                                              United States Magistrate Judge