IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY LEE PAPENFUS,

        Petitioner,

    v.

JEAN HILL,

        Respondent.

No. CV 03-1556-JE

OPINION AND ORDER

**MOSMAN, J.**,

On September 18, 2008, Magistrate Judge Jelderks issued Findings and Recommendation ("F&R") (#92) in the above-captioned case recommending that I deny the Petition for Writ of Habeas Corpus (#2) and enter a judgment dismissing this case with prejudice. Objections to the F&R have been filed.

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

///

PAGE 1 - OPINION AND ORDER

but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Petitioner's core objection involves evidence that one of the victims in this case had previously reported being a victim of sexual abuse. Petitioner is correct that in some cases, particularly cases that rest entirely on victim testimony, direct impeachment evidence may raise sufficient doubt about the validity of the conviction to demonstrate actual innocence. This case, however, involved no such evidence. A rational juror, presented with the above evidence, would be left with nothing to go on; no way to decide what to make of the evidence. Unless one concludes that all girls who claim to have been abused more than once are liars, such a juror would be equally rational to conclude that the earlier report could be true. And while impeachment evidence may satisfy *Schlup v. Delo*, 513 U.S. 298 (1995), it must do so directly, not just by suggesting a chance at further cross-examination that might have led to more impeachment.

///

///

PAGE 2 - OPINION AND ORDER

Upon review, I agree with Judge Jelderks's recommendation, and I ADOPT the F&R (#92) as my own opinion.

IT IS SO ORDERED.

DATED this  27th  day of October, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 3 - OPINION AND ORDER